UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL J. HOOVER                                CIVIL ACTION

VERSUS                                           NO. 07-1100

FLORIDA HYDRO, INC.                              SECTION "T"(4)

The Defendant, Florida Hydro, Inc. filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(2), (3) & (6) and 28 U.S.C. 1404(a), which came before the Court for hearing on June 6, 2007, on the briefs. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**ORDER AND REASONS**

I.   BACKGROUND

The Plaintiff, Michael Hoover, alleges that in June 2003, Herbert Williams, Florida Hydro's president and majority shareholder, initiated contact with Hoover and promised to transfer stock in Florida Hydro to Hoover if he secured funding for the company from investors. During this time, Hoover was located in Louisiana and Mr. Williams was located in Florida. In

February 2004, Hoover moved to Palatka, Florida. Hoover alleges that in early 2005, he secured funding for Florida Hydro from OpenHydro Group Limited ("OpenHydro"). In July, 2005, Hoover resigned from Florida Hydro because Williams allegedly breached the oral contract to transfer Florida Hydro stock to Hoover.

Plaintiff's Complaint, filed on February 26, 2007, alleges the following four counts: Breach of Oral Contract; Promissory Estoppel/ Detrimental Reliance; Unjust Enrichment; and Fraudulent Inducement. Plaintiff seeks 484,250 shares of Florida Hydro stock in specific performance of the alleged oral contract entered into with the defendant, Florida Hydro.

Florida Hydro filed a Motion to Dismiss on May 10, 2007 for lack of personal jurisdiction and improper venue. Florida Hydro requests, in the alternative, that the action be transferred to the Middle District of Florida. Florida Hydro additionally requests that the Complaint be dismissed on the grounds that it does not state the relief requested for each claim and that it does not allege a cause of action for which attorneys' fees and punitive damages may be claimed.

Almost all the facts pertaining to whether this Court can exercise jurisdiction over the nonresident Defendant are in dispute. The Plaintiff alleges that Florida Hydro had systematic and continuous contacts with Louisiana from 1999 until 2005. Mr. Hoover cites to Florida Hydro raising investments of more than $50,000 through agreements with Louisiana investors, appointing a Chief Engineer based in Louisiana, granting an agent in Louisiana authority to execute agreements with Florida Hydro investors on behalf of Florida Hydro, soliciting investment in Louisiana, sending at least one employee from Florida to Louisiana to solicit

investment, travel by Florida Hydro's president to Louisiana in a business capacity, forwarding information to fundraising agents for Florida Hydro in Louisiana, negotiating agreements with at least three Louisiana residents, signing at least one commercial agreement with a Louisiana entity, and engaging Michael Hoover in the agreement that is the subject of dispute in this case.

**II.     ARGUMENTS**

The Defendant, Florida Hydro, contends that Plaintiff cannot establish that this Court can exercise personal jurisdiction over Florida Hydro because merely contracting with a resident of the forum state is insufficient to establish minimum contacts for the exercise of specific jurisdiction.  Further, the defendant argues that Florida Hydro's contacts with Louisiana are not sufficiently "continuous and systematic" to support the exercise of general jurisdiction and that the Complaint should be dismissed for improper venue, or alternatively, should be transferred to the Middle District of Florida.  Defendant alleges that the Complaint should be dismissed for improper venue because the alleged performance, breach, and substantial events all occurred in Florida, not Louisiana.  Arguing that a substantial burden would be placed on the witnesses and the greater interest that Florida has in the litigation, the defendant submits that the action should be transferred to the Middle District of Florida.  The defendant asserts that Florida has a greater interest in the litigation because a Florida citizen sought to obtain financing for a Florida corporation, and the requested relief seeks transfer of ownership of Florida stock.  Additionally, the defendant asserts that the Complaint should be amended to require Plaintiff to specify the relief requested for each claim and that the prayer for attorneys' fees and punitive damages should be dismissed because no cause of action for which they are allowed have been asserted.

The plaintiff, on the other hand, argues that Florida Hydro has minimum contacts with Louisiana such that this Court has general and specific jurisdiction over Florida Hydro and that to require the defendant to submit to jurisdiction would comport with traditional notions of "fair play and substantial justice."  Plaintiff asserts that it is not an unreasonable burden to require Florida Hydro to litigate in Louisiana where it sought the benefit of conducting business for six years.  Additionally, Louisiana has a stake in the outcome due to the proportion of Florida Hydro shareholders who are Louisiana residents.

Plaintiff argues that a substantial part of the events giving rise to Hoover's claim occurred in Louisiana; thus, venue is proper in Louisiana.  He contends that venue is proper in Louisiana because he performed activities in New Orleans in furtherance of his obligation under the agreement.  Plaintiff further argues that the action should not be transferred to the Middle District of Florida because he would be greatly inconvenienced by the transfer, because party convenience favors litigating this matter in Louisiana, and because defendant has pointed out no substantial practical problems that would make a trial in Florida more convenient.  Plaintiff requests that defendant's motion to dismiss the action for failure to state the type of relief requested should be denied because the plaintiff has stated a claim upon which relief may be granted and contends that defendant's request for the Court to dismiss plaintiff's requested relief is improper because plaintiff has alleged facts sufficient to establish a prima facie basis upon which relief may be granted.

### III.     LAW AND ANALYSIS

### A.      Personal Jurisdiction

When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits. Therefore, in a no-hearing situation, a plaintiff satisfies his burden by presenting a *prima facie* case for personal jurisdiction.  Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999). Therefore, if the plaintiff presents a *prima facie* case for personal jurisdiction, the court must accept the plaintiff's allegations as true for the purpose of the motion to dismiss for lack of personal jurisdiction.

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the forum's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.  Dalton v. R&W Marine, Inc., 897 F.2d 1359, 1361 (5th Cir. 1990).  Louisiana's long-arm statute permits exercise of personal jurisdiction to the extent permitted by the Constitution of the United States.  La. R.S. 13:3201(b).  Therefore, the long-arm statute inquiry and the due process inquiry merge.  Dalton, 897 F.2d at 1361.  There is a two-prong due process test to determine whether a federal court can exercise jurisdiction over a nonresident defendant. The first component of the test is whether the nonresident has purposefully availed himself of the benefits and protections of the forum by establishing minimum contacts with that forum state. Wilson v. Belin, 20 F.3d 644, 647 (5th Cir. 1994) (quoting International Shoe v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945)).  The second component of the test dictates that "the exercise of jurisdiction over the nonresident defendant must not offend 'traditional notions

of fair play and substantial justice.'" Id. (quoting Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987)).

"A court may exercise specific jurisdiction when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendants' contacts with the forum state." Freudensprung v. Offshore Technical Servs., Inc., 379 F.3d 327, 343 (5th Cir. 2004). Plaintiff alleges that he was contacted initially by Florida Hydro in New Orleans. As plaintiff points out, emails and phone calls between Hoover and Florida Hydro concluded with an agreement and expectations being formed in Louisiana. Therefore, according to the plaintiff's allegations, the defendant purposely directed its activities toward Louisiana and availed itself of conducting activities there. Under these allegations, Florida Hydro has enough specific contacts to uphold personal jurisdiction in this matter.

Where the controversy does not arise out of the defendants' contact with the forum state, due process requires that the defendant have engaged in "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. *See* Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Plaintiff alleges that Florida Hydro has systematic and continuous contacts with Louisiana, including raising money from seven Louisiana investors via subscription agreements, having a Chief Engineer based in Louisiana, granting a Louisiana agent authority to execute agreements on Florida Hydro's behalf, soliciting investment in Louisiana, sending an employee from Florida to Louisiana to solicit investment, travel by Florida Hydro's president to Louisiana in connection

with deals, sending investment documents to investing agents in Louisiana, negotiating and executing agreements with Louisiana residents, signing at least one commercial agreement with a Louisiana entity, and engaging Michael Hoover in the agreement that is the subject of dispute in this case.  Even if Florida Hydro's activities in Louisiana did not result in this Court's exercise of specific jurisdiction over Florida Hydro, this Court would be able to exercise general jurisdiction over Florida Hydro under Plaintiff's allegations.

If there are sufficient minimum contacts for specific or general jurisdiction, the Court needs to determine whether the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice, i.e. whether it is reasonable for the court to exercise personal jurisdiction over the defendant.  Factors that a court should consider include (1) the burden on the defendant; (2) the forum state's interest; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in achieving the most efficient resolution of controversies, and (5) the states' shared interest furthering substantive social policies.  Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3d 415, 421 (5th Cir. 1993).  Since the Defendant had been conducting business in Louisiana for six years, according to the Plaintiff's allegations, it would not be an unreasonable burden on the Defendant to require it to submit to jurisdiction in Louisiana.  Louisiana has an interest in the outcome due to significant shareholder presence in Louisiana and the state's interest in protecting its citizens from out-of-state corporations.  Due to the proximity of this Court to plaintiff's counsel, witnesses, and home, Plaintiff has an interest in convenient and effective relief.  Under the factors which determine whether a court should exercise jurisdiction over a nonresident defendant, the Plaintiff's factual allegations weigh the

factors in favor this Court exercising personal jurisdiction over Florida Hydro.

**B.     Venue**

Title 28 U.S.C. § 1391(a) provides that a civil action where "jurisdiction is founded only on diversity of citizenship," may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated."  28 U.S.C. § 1391(a).  Plaintiff alleges that the contract was formed in Louisiana and that Hoover performed activities in furtherance of the contract in Louisiana.  Therefore, venue is appropriate in Louisiana.  The federal venue statutes do not require that the matter be litigated in the venue where the most substantial events occurred, just that the events occurring in the venue be substantial.  Because a substantial portion of the events giving rise to the claim occurred in Louisiana, venue is proper in Louisiana.

**C.     Forum Non Conveniens**

Title 28 U.S.C. § 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of the parties and witnesses.  The private interest factors are: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4)

the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law. Unless the factors balance heavily in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed.  *See* Willis v. Parrot, 1996 WL 337241, at *4, *citing* Schexnider v. McDermott Intern., Inc., 817 F.2d 1159, 1163 (5th Cir. 1987).   The Court finds that Hoover would be greatly inconvenienced by a transfer to the Middle District of Florida because cost and travel time would increase and retaining counsel in Florida would delay this case.

**D.      Prayer for Relief**

A claim may be dismissed which does not allege facts sufficient to establish a *prima facie* basis upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  Defendant has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 8(a) on the grounds that it fails to plead specific relief.  The type of relief requested is not relevant to whether Plaintiff has met its burden of stating a claim upon which relief may be granted.  Defendant has also moved to dismiss the plaintiff's requested relief of attorney's fees and punitive damages.  For each claim that the plaintiff has asserted, the Court finds that plaintiff has alleged facts sufficient to establish a prima facie basis upon which relief may be granted.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss Complaint, filed on behalf of the Defendant, Florida Hydro, Inc., be and the same is hereby **DENIED**.

New Orleans, Louisiana, this 24TH day of July, 2007.

                                                **UNITED STATES DISTRICT JUDGE**

                                                    **G. THOMAS PORTEOUS, JR.**