UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL J. HOOVER** | **CIVIL ACTION** |
| **VERSUS** | **NO:      07-1100** |
| **FLORIDA HYDRO, INC.** | **SECTION: "B" (4)** |

<u>ORDER</u>

Before the Court is a **Motion to Quash Defendant's Subpoenas Duces Tecum Issued to Third-Parties Shaun Sanghani and Mary Catherine Hoover (R. Doc. 93)**, filed by the Plaintiff, Michael J. Hoover ("Hoover").  The Defendant, Florida Hydro, Inc. ("Florida Hydro"), filed a Memorandum in Opposition (R. Doc. 94), to which Hoover filed a Reply Memorandum.  (R. Doc. 102).  The motion was heard with oral argument on July 2, 2008.

I.    <u>Background</u>

This contract action arises from a dispute between Hoover, a Louisiana resident, and Florida Hydro, a Florida corporation, regarding a purported oral agreement, wherein Florida Hydro promised Hoover stock ownership in exchange for his promise to secure commercial funding for the company.  (R. Doc. 1-3).  Florida Hydro's president, director, officer, and shareholder, Herbert L. Williams ("Williams"), obtained a patent for a hydroelectric generator and sought capital to commercialize the invention.  (R. Doc. 1-3; R. Doc. 23).  His initial efforts to secure funding were fruitless.  (R. Doc. 1-3; R. Doc. 23).

In an effort to provide assistance, Michael J. Hoover, a family friend, developed a business plan based on Williams's generator.  (R. Doc. 1-3; R. Doc. 23).  The plan was entitled Gulf Stream Energy ("Gulf Stream").  (R. Doc. 1-3; R. Doc. 23).  Thereafter, Hoover sought to enter into a licensing agreement for the hydroelectric generator with Williams, but with no success. (R. Doc. 1-3; R. Doc. 23).  However, on or about June 13, 2003, Williams purportedly offered to make Hoover a major owner and to issue him one-half (1/2) of his Florida Hydro stock, in lieu of licensing the technology.  (R. Doc. 1-3).

Hoover claims that, although he verbally accepted the offer, no written agreement was executed to that effect.  (R. Doc. 1-3).  He alleges that, as a result of his substantial efforts, Florida Hydro became the most attractive corporate profile in its industry and became successful  (R. Doc. 1-3).  As a result, Hoover resigned from his employment with Florida Hydro and filed suit, alleging: (1) breach of contract; (2) promissory estoppel/detrimental reliance; (3) unjust enrichment; and (4) fraudulent inducement.  (R. Doc. 1-3).

During the course of the litigation, Florida Hydro issued a *subpoena duces tecum* for the deposition of Shaun Sanghani ("Sanghani"), the friend and former roommate of the plaintiff Michael Hoover.  (R. Doc. 93-4, Ex. B).  The subpoena commanded  his testimony and the production and inspection of his laptop computer, flash drive, hard drive, PC, or other electronic data storage that has any responsive documents.[1]  (R. Doc. 93-4, Ex. B).  The subpoena also requested documents, whether in paper form or electronically submitted, between Sanghani and Michael Hoover, and referring to  Herbert Williams, Elizabeth "Lisbeth" Olga Deckert, Oceana Engery, and Gulf Stream

---

[1]Hoover and Sanghani attended Tulane University Business School together and were roommates during their tenure at Tulane.  (R. Doc. 1-3; R. Doc. 23).

Energy, Inc.  (R. Doc. 93-4, Ex. B).

Florida Hydro also issued a deposition subpoena to Micheal Hoover's mother, Mary Catherine Hoover ("Mary Catherine").  (R. Doc. 93-4, Ex. C).  Her deposition was scheduled to take place at Jones Walker's Office on June 18, 2008.  (R. Doc. 93-4, Ex. C).  She was also commanded her to produce and to permit inspection of her laptop computer, flash drive, hard drive, PC or other electronic data storage for documents copied, sent to, or received by her son, Michael Hoover, relating to Florida Hydro, Gulf Stream Energy, Inc., Open Hydro Group, Ltd, OpenHydro, Inc, or Oceana Energy Co[2].  (R. Doc. 93-5, Ex. C).

Hoover brings the instant motion, seeking to quash the subpoenas on the grounds that they are unwarranted, unduly burdensome, and seek to harass his witnesses.  (R. Doc. 93-2).  He insists that Sanghani and Hoover have already produced the responsive material in hard-copy format.  (R. Doc. 93-2).  He also asserts that Florida Hydro seeks to engage in a "fishing expedition," infringing upon the privacy and proprietary interests of his friend, his mother, and himself.  (R. Doc. 93-2). Hoover complains that Florida Hydro has failed to narrow the scope of its subpoenas.  (R. Doc. 93-2).

Hoover contends that the subpoena issued to his mother seeks information which is protected by attorney-client privilege, because he has used and continues to use his mother's computer to conduct personal business and to correspond with his attorneys.  He argues that this risk is too great to mitigate.  (R. Doc. 93-2).  Hoover also challenges the method that Florida Hydro chose when it issued the subject subpoena and suggests that it should have employed a motion to compel rather than a *subpoena duces tecum* as its tool to obtain the information sought.  (R. Doc.

---

[2]Hoover is currently employed by Ocean Energy, a competitor of Florida Hydro.  (R. Doc. 94)

93-2).

Florida Hydro contends that the motion should be denied because: (1) it has good cause for issuing the subpoenas; (2) Michael Hoover is not the proper party to challenge the subpoena; (3) neither Sanghani nor Mary Catherine is entitled to raise attorney-client privilege, because they failed to produce a log and did not raise any objection to the production based upon attorney-client privilege; and (4) the objections are untimely, because Sanghani and Mary Catherine failed to object within the deadline established by Federal Rule of Civil Procedure ("Rule") 45.  (R. Doc. 94).

Florida Hydro makes three additional contentions: (1) the subpoena requests are not overly broad, harassing, or unduly burdensome, because neither Sanghani nor Mary Catherine objected on the basis of undue burden or hardship; (2) the subpoena is reasonably related to the claims made and temporally limited to the relevant years; and (3) it has tried to make the production easy by arranging to pick up the documents, agreeing to reimburse for expenses incurred, giving multiple extensions, and delaying the depositions.  (R. Doc. 94).

## II.   <u>Standard of Review</u>

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.  *Hebert v. Lando,* 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established

that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Rule 45 governs the issuance of subpoenas, and provides that on timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. FED. R. CIV. P. 45(c)(3). Under Rule 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(c)(1). Furthermore, Rule 45(c)(3) further provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . fails to allow a reasonable time to comply." FED. R. CIV. P. 45(c)(3).

## III.   Analysis

### A.   Procedural Defects

#### 1.   Standing

Hoover argues that he has standing to challenge the subpoena, because it seeks the production of information sent to him through the computers of Sanghani and/or Mary Catherine. (R. Doc. 102). Hoover contends that he has three interests in the subject matter of the subpoena that confer standing: (1) a privacy interest in his private communications with the witnesses that are not relevant to the litigation; (2) a proprietary interest in certain documents which belong to him and may be on Mary Catherine's personal computer; and (3) protecting favorable witnesses whom he intends to call at trial. (R. Doc. 102).

 Florida Hydro contends that Michael Hoover, the plaintiff in the subject matter, the friend of Sanghani, and the son of Mary Catherine Hoover, does not have a right to seek to quash the

subpoenas. (R. Doc. 94). Florida Hydro argues that the reasons asserted by Hoover for filing the motion to quash do not fall within the limited circumstances for which a party is permitted to challenge a subpoena. (R. Doc. 94). Florida Hydro points out that neither Sanghani nor Mary Catherine filed a privileged log, much less an objection to the subject subpoenas.

A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter. *United States v. Nachamie,* 91 F.Supp.2d 552, 559 (S.D.N.Y.2000) (citations omitted); *Chiperas v. Rubin,* No. CIV.A. 96-130, 1998 WL 765126 (D.D.C. Nov. 3, 1998) (citations omitted). A motion to quash, or for a protective order, should generally be made by the person from whom the documents or things are requested. 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (2d ed.1995). *Kiger v. Plaisance Dragline*, Civ. A. 04-3453, 2006 WL 3228289, at *1 (E.D. La. Nov. 2, 2006) (Roby, J.).

In the instant suit, Michael Hoover, does have standing to file the subject motion as to the subpoenas. He is the party to the suit, and while the subpoenas were issued to his mother and to his friend, they seek information that may have been sent by or for him on their computers. Therefore, the subject subpoenas concern his personal interest, and it is proper for him to file the subject motion.

### 2.      *Timeliness*

Florida Hydro next contends that the motion to quash the subpoenas was not filed timely. It notes that the subpoena for Mary Catherine's computer was issued on June 2, 2008, with a return date of June 18, 2008. (R. Doc. 94). It contends that Schedule "A," which is the subject of the motion, is the same as an earlier Schedule "A," which came attached to an earlier subpoena which

sought documents from Mary Catherine.  (R. Doc. 94).  It further notes that Mary Catherine failed to object to the earlier subpoena and contends that, because the original subpoena was not objected to, the subsequently served subpoena seeking the production of her laptop is untimely.  (R. Doc. 94).

Hoover contends that the subject motion is timely filed.  The subject motion was filed on June 12, 2008, thirteen days after service on Sanghani and ten days after being served on Mary Catherine.  (R. Doc. 102).  He argues that Florida Hydro's suggestions that its current motion is untimely is merely an attempt to distract the Court and is irrelevant to the current matter.

Rule 45(c)(3) provides that objections must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.  FED. R. CIV. P. 45(c)(3).  Here, Hoover filed the instant motion to quash with respect to the subpoena seeking production of Mary Catherine's personal computer on June 13, 2008.  The subpoena at issue was served on June 2, 2008, and it indicates that any objections thereto were due by June 18, 2008.  (R. Doc. 93-5, Ex. C).  Hoover's motion was filed less than 14 days after service and well before the deadline listed on Mary Catherine's subpoena.  Therefore, his motion is timely, pursuant to the Federal Rules.

Similarly, the motion to quash as to Mr. Sanghani is also timely.  The subpoena was served on Sanghani on May 30, 2008, and the subject motion challenging the subpoena was filed on June 12, 2008.  Therefore, the motion was filed on the fourteenth (14th) day after Sanghani received the subpoena.

**B.**    **Substantive Challenges**

*1.*    ***Undue Burden***

Hoover argues that the inspection and production of the third-party witness's laptops is not warranted and would be unduly burdensome in this case.  He contends that, because the information

sought was already submitted in hard-copy format as a response to an earlier issued subpoena, Florida Hydro is not entitled to inspect the identical electronic data on their laptops.  Hoover contends that Florida Hydro failed to meet its burden of proving that the requested information is warranted.  (R. Doc. 93).  Hoover contends that, in light of the prior compliance with an earlier subpoena which sought the information in paper form, the subpoena requesting access to their personal computers is duplicative and unwarranted, unless Florida Hydro makes a definitive showing that Sanghani and Mary Catherine deliberately failed to fulfill their duties in responding. (R. Doc. 102).

Florida Hydro contends that the subpoena is not unduly burdensome, because the third parties have not made such a suggestion.  It maintains that it has not violated any rule simply by requesting that these third parties produce electronically stored information. (R. Doc. 94).

Rule 34 provides that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." FED. R. CIV. P. 34(c). Upon proper objection by a third party to the inspection ordered by a subpoena, the Court must determine whether the plaintiff's need for the inspection is sufficient to outweigh the burden imposed by the inspection on the third party. *Premium Service Corporation v. Sperry & Hutchinson Company,* 511 F.2d 225, 229 (9th Cir.1975).

The Court notes that this objection is being made by the plaintiff, Michael Hoover, rather than by the third parties, Sanghani and Mary Catherine.  The Court further notes that Mary Catherine previously issued a declaration indicating that, from 1999 to 2003,  she received multiple phone calls, emails, faxes, and packages of mailed information in Louisiana from Florida Hydro.  (R. Doc. 7-5. *See* R. Doc. 94-5, p. 1).  She further declared that she sent non-disclosure agreements, business

8

plans, pictures, and other information to potential investors.  (R. Doc. 7-5.  *See* R. Doc. 94-5, p. 1). Based on the above, the Court concludes that Mary Catherine clearly has information relevant to the subject action on her laptop.

The Court acknowledges but disagrees with Hoover's suggestion that, if Florida Hydro wished to challenge the completeness of Mary Catherine's earlier production, it should have filed a motion to compel.  A party is free to utilize the discovery method it deems appropriate, and in this case Florida Hydro chose to issue a subpoena.  *See Gabarick v. Laurin Maritime (America),* Inc., No. 08-04007, 2008 WL 3560426, at *2 (E.D.La. Aug. 11, 2008) (citing Rule 26(d) for the proposition that "there is no priority rule for the sequence of discovery.").  *See also Lee v. Knutson* 112 F.R.D. 105 (N.D. Miss 1986) (indicating that a party may choose the methods of discovery which he or she will employ, "so long as the choice is not foreclosed by the [Federal] Rules.").  The Court therefore finds that it is not unduly burdensome for Mary Catherine to comply with the subpoena.  The parties may, however, agree upon a search protocol that would prevent personal, family, non-business related communications from being retrieved during the forensic computer inspection of her laptop and/or personal computer.  Accordingly, the motion to quash the June 2, 2008 subpoena issued for the production of Mary Catherine Hoover's computer is denied.

Florida Hydro generally contends that Sanghani has not fully responded to the production sought by the initial subpoena issued to him on February 15, 2008.  The Court notes that, while Sanghani failed to respond to an earlier subpoena, Florida Hydro secured an order from the United States District Court for the Western District of Louisiana compelling him to do so.  (R. Doc. 94)  The Court is not aware of any defect in his responses which require further compliance with the order from our sister court.  In the absence of such a showing, the motion to quash the May 30, 2008

subpoena issued for the production of Shaun Sanghani's computer is granted.

### 2.      *Attorney-Client Privilege*

Hoover finally contends that, because he used his mother's computer occasionally and continues to use her computer to access his email accounts as well as to transact business, including reading correspondence from his attorneys and reviewing their work product, the communications are privileged.  (R. Doc. 93).  He argues that, even if a search protocol was established, it too would include privileged communications between he and his mother.  (R. Doc. 93).  He further suggests that granting Florida Hydro such access would "subvert the discovery process and perhaps the fairness of the proceeding."  (R. Doc. 93-2, p. 10).

Florida Hydro contends that the subpoena is directed to Mary Catherine and not to her son, Michael Hoover.  It emphasizes that the subpoena does seek information from Mary Catherine regarding her son and his business interests.  (R. Doc. 94).  Florida Hydro points out that Mary Catherine did not object to the production and failed to raise the objection of attorney-client privilege. (R. Doc. 94).

Rule 26(b)(5) requires the objecting party to expressly make a claim of privilege and to "describe the nature of the documents, communications, or things not produced ... in a manner that, without revealing information itself privileged or protected, will enable [the] other part[y] to assess the applicability of the privilege or protection."  FED. R. CIV. P. 26(b)(5).  It also is true that failure to follow the Federal Rules of Civil Procedure may result in waiver of the attorney-client privilege and/or work-product protection.  8 Charles Alan Wright, *Federal Practice and Procedure* § 2016.1, at 228-29 (2d ed.1994).

In this case, Hoover submitted a privilege log in response to discovery which detailed the

protected communications between he and his counsel. (R. Doc. 94-7; Bates Nos. MH011468-MH016439). To the extent that these communications would be retrieved during the forensic search, the protocol may be fashioned so as to exclude the names of Hoover's attorneys, Andy Lee and Neely Griffith. The Court is not persuaded that the electronic search could not be configured so as to exclude these communications or Michael Hoover's non-business communications between he and his mother. Therefore, the motion to quash the June 2, 2008 subpoena as to Mary Catherine Hoover is denied.

### C. Discovery Protocol

Hoover submits that a discovery protocol should be imposed in the event that the subject motion is denied and the production and inspection of the computer permitted. (R. Doc. 93-2, p. 10). Hoover requests that the following conditions be met:

1.  Florida Hydro must produce a search protocol in advance of the inspection to be reviewed and approved by the Court;

2.  Florida Hydro must prepare a confidentiality agreement prior to the inspection;

3.  The third-party witness whose laptop is subject to the inspection shall be present during the inspection; and

4.  Florida Hydro must reimburse the third party witness for all of the inspection costs, including attorney's fees associated with same and for any damages caused by the inspection.

Florida Hydro has not addressed Hoover's contention that a discovery protocol is sufficient. It does, however, mention in its memorandum that it had previously agreed to reimburse the third parties for expenses they incurred in connection with their compliance with the subpoena.

In considering the proposal for the discovery protocol, the Court finds that the establishment of a protocol is appropriate. The Court hereby orders Florida Hydro to prepare and exchange a

Search Protocol with Hoover prior to the production and inspection of Mary Catherine's computer. Any issues regarding the appropriateness of the Search Protocol shall be submitted to the Court in time for resolution no later than Wednesday, October 15, 2008.

Hoover also proposed that the Court order Florida Hydro to prepare a confidentiality agreement prior to the inspection. The Court declines to do so under the circumstances.

Finally, Mary Catherine Hoover is permitted to be present on the date of the inspection. Furthermore, while her personal and reasonable expenses may be reimbursed in accordance with Florida Hydro's prior willingness to do so, the costs shall not include those of her attorneys or Michael Hoover's attorneys.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Michael J. Hoover's **Motion to Quash Defendant's *Subpoena Duces Tecum* Issued to Third-Parties Shaun Sanghani and Mary Catherine Hoover** is hereby **GRANTED IN PART AND DENIED IN PART.**

- **IT IS GRANTED** as to the subpoena issued to **Shaun Sanghani** for the production of his personal computer.

- **IT IS DENIED** as to the subpoena issued to **Mary Catherine Hoover** for the production of her personal computer. Mary Catherine Hoover must submit to the deposition and must produce her laptop computer, flash drive, PC, or other electronic data storage that may have responsive documents for inspection. Ms. Hoover is permitted to be present during the inspection of her computer.

**IT IS FURTHER ORDERED** that Florida Hydro reimburse Mary Catherine Hoover for personal and reasonable expenses incurred as a result of her compliance with the subpoena.

**IT IS FURTHER ORDERED** that Florida Hydro prepare and exchange a Search Protocol

with Hoover prior to the production and inspection of Ms. Hoover's computer, in compliance with the Court's instructions in this opinion.  Any issues regarding the Search Protocol shall be submitted to the Court in time for resolution **no later than Wednesday, October 15, 2008.**

New Orleans, Louisiana, this <u>1st</u> day of October 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

13