UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **MICHAEL HOOVER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1100** |
| **FLORIDA HYDRO, INC., and HERBERT L. WILLIAMS** | **SECTION: "B"(4)** |


## ORDER AND REASONS

Before the Court is Defendant's Florida Hydro, Inc., Motion to Bifurcate Trial on Plaintiff's Second Amended Complaint. After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion to Bifurcate Trial (Rec. Doc. 185) is **DENIED**.

### BACKGROUND

On February 26, 2007, Michael Hoover (hereinafter "Plaintiff") commenced an action against Florida Hydro, Inc., (hereinafter "Defendant or Florida Hydro"), alleging breach of contract and fraudulent inducement (Rec. Doc. No. 1.) In the Complaint, Plaintiff alleged that Defendant through its principal Herbert Williams, entered into an oral agreement, whereby Defendant allegedly promised to transfer to Plaintiff 484,250 shares of its

1

stock if Plaintiff raised 8 to 10 million dollars in financing for Florida Hydro. (Rec. Doc. 185-2 at 2). However, Plaintiff was only offered 6,000 shares of Florida Hydro's common stock for performance of the contract. Due to Florida Hydro's alleged breach of contract, Plaintiff declined to accept the shares, and resigned from Florida Hydro on July 12, 2005. (Rec. Doc. 1-3 at 10). On February 26, 2007, Plaintiff filed a four count Complaint against Florida Hydro, regarding whether there was a breach of an alleged oral contract. (Rec. Doc. 1).

On August 1, 2007, Plaintiff filed a motion seeking a pre-judgment asset freeze of shares that were allegedly set aside by Defendant to satisfy a potential judgment for Plaintiff. (Rec. Doc. 15). Defendant filed its response to the motion on October 7, 2008, where it pointed out that district courts do not have the authority to issue pre-judgment freezes of assets that are not the subject of the litigation. (Rec. Doc. 185-2 at 4). Seven days after Defendant's opposition Plaintiff withdrew its motion for preliminary injunction.

On October 17, 2008, Plaintiff submitted his First Supplemental & Amended Complaint that expanded the case from four counts into a fourteen count complaint. (Rec. Doc. 126). In response to Plaintiff's fourteen count amended complaint, Defendant filed a motion to dismiss, which winnowed Plaintiff's claims down to twelve. (Rec. Doc. 146). Plaintiff thereafter filed his Second

Supplemental & Amended Complaint on November 18, 2008. *Id*. On April 28, 2009, six months later, Defendant filed this motion to bifurcate trial. (Rec. doc. 185).

**LAW AND ARGUMENT:**

**Legal Standard**

Rule 42(b) of the Federal Rules of Civil Procedure authorizes district courts to order a separate trial on issues in the same case when separation is appropriate. *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994). Rule 42(b) of the Federal Rules of Civil Procedure provides:

> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The decision to order separate trials is in the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis. *Conkling*, 18 F.3d at 1293; *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985). The Fifth Circuit has cautioned that separation of issues for separate trials is not the usual course that should be followed. (Rec. Doc. 223 at 2); *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993); *Cousin v. Small*, 2001 WL409534, at 1 (E.D. La. Apr.20, 2001)(bifurcation of

3

claims is the exception, not the rule).

Additionally, separation of issues is not appropriate when claims share legal and factual issues, or when separation causes prejudice to the non-moving party. *Blue Bird Body Co.*, 573 F.2d at 318. The district courts must bear in mind before ordering separate trials in the same case that bifurcation of claims are appropriate when the "issue to be tried is so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel*, 987 F.2d at 305. (citing *Alabama v. Blue Bird Body Co.*, 573 F.2d 309 (5th Cir. 1978)). Thus, even if bifurcation would promote judicial economy, courts should not order separate trials when "bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice." *Laitram Corp v. Hewlett-Packard Co.,* 791 F. supp. 113, 115 (E.D. La. 1992).

**Discussion**

Defendant asks the Court to order two separate trials. Defendant Florida Hydro contends that the first trial should be limited to claims concerning whether the parties had an oral contract. Then, only if the jury in the breach of contract trial (Counts One through Seven) finds that the parties had an oral contract, the Court should allow discovery on the claims relating to fraudulent transfer (Counts Eight, Nine, and Twelve) with another trial to thereafter follow on these issues.

4

When considering whether to order separate trials under Rule 42(b), the Court's most important consideration is prejudice. *Laitram Corp*, 791 F. Supp. at 115.  Florida Hydro asserts that it may be prejudiced by arguments made in the course of the trial that:(1) co-Defendant Herbert Williams set aside 3,000,000 shares of stock for the purpose of satisfying a potential judgment to the Plaintiff;(2) the jury would be considering a dependent fraud claim while considering a breach of contract claim, which would likely confuse the jury as to the issue in the case; and (3) unfair prejudice would exist in respect to discovery.

In regards to Defendant's first assertion on prejudicial effects on co-Defendant Herbert Williams, it is noted that Mr. Williams has not filed a motion seeking bifurcation of the case nor has he joined in the instant motion. (Rec. doc. 223 at 9). Therefore, in order to promote judicial efficiency, Mr. William should have been joined as a movant in order for Florida Hydro to make any assertions as to any prejudicial effect that would affect Mr. William by modifying the procedure.

Secondly, Defendant maintains that it would be unfairly prejudicial to allow the jury to consider both issues during one trial.  However, any prejudice to Florida Hydro that could result from the joint trial of the claims of breach of contract and fraudulent transfers can be cured by appropriate instructions to the jury. *United States v. Butler,* 429 F.3d 140, 147 (5th Cir.

2005). Furthermore, the breach of contract issues are interwoven to a large extent in that they contain allegations of fraudulent inducement, breach of good faith and fair dealing, and bad faith contract. (Rec. Doc. 223 at 10).

Thirdly, Defendant asserts that unfair prejudice would exist in respect to discovery. Defendant contends that Plaintiff's claims of fraudulent transfer are a means to obtain discovery of Defendants' financial worth. (Rec. Doc. 185-2 at 14). However, as Plaintiff contends, the examination of evidence of fraudulent transfer is the same evidence that a jury must consider in the breach of contract trial, which can only be demonstrated through the Defendant's financial records. Moreover, the witnesses and evidence will necessarily pertain to both breach of contract and fraudulent transfers, and thus judicial economy is not served by bifurcation.

Florida Hydro contends that bifurcation would be more convenient, economical and would expedite litigation. (Rec. doc. 185-2 at 15). Defendant asserts that if Plaintiff prevailed on the breach of contract claims, then Defendants will be more likely to settle, and there would be no need to try the other actions. *Id* at 16. Further, Defendant argues that bifurcation would simplify the presentation of evidence at trial, thus both trials would progress faster and smoother. *Id*.

However, even if bifurcation may promote judicial economy,

courts should not order separate trials when it will result in additional expense, unnecessary delay or some other form of prejudice. *Laitram Corp*., 791 F. Supp. at 115. Defendants' motion to bifurcate trial seems to be another one of its delay tactics. (Rec. Doc. 223 at 2). If this Court were to order bifurcation, Plaintiff would incur greater expense and suffer severe prejudice by the considerable delay that would result if the Court ordered separate trials with separate discovery periods. "This unnecessary expense and delay outweighs any prejudice or harm that would result from any potential confusion of trying all issues at once". *Tidewater Marine v. Sanco Int'l, Inc*., 1998 U.S. Dist. LEXIS 3741. Furthermore, this court has previously denied several of Defendant's motion's to continue trial. (Rec. Doc. 217).

In addition, the Court must also consider whether bifurcation would interfere with a party's rights to a jury trial under the Seventh Amendment. The Seventh Circuit has held that bifurcation should not be granted if doing so would violate the Seventh Amendment. *Hydrite Chemical Company v. Calumet Lubricants Co.*, 47 F.3d 887,890 (7th Cir. 1995). "Bifurcation violates the Seventh Amendment if a court divides issues between separate trials in such a way that the same issue is reexamined by different juries." *Matter of Rhone-Poulenc Rorer Inc.,* 51 F.3d 1293, 1303 (7th Cir. 1995). The Fifth Circuit reasoned that "if separate juries are allowed to pass on issues involving overlapping legal and factual

questions, the verdicts rendered by each jury could be inconsistent." *Blue Bird*, 573 F.2 at 318.

Florida Hydro asserts that Plaintiff's right to jury trial would not be affected in the event that if Plaintiff were to succeed in proving that he and Defendant had an oral contract that was breached, then that issue would not be relitigated in the second trial regarding fraudulent transfers, because that issue would have been conclusively determined. (Rec. Doc. 185-2 at 17).

However, bifurcation of Count Eight, Nine, and Ten would require separate juries to consider factual issues that are common to both trials and essential to the outcome. The issue of Defendant's breach of contract is not distinct from the determination of Defendant's fraudulent transfer issues, because the breach of contract claims (specifically Count Four) contains allegations of fraudulent inducement. (Rec. Doc. 223 at 10; Rec. Doc 146 at 3). Furthermore, Plaintiff's evidence in the fraudulent transfer claims would be the same evidence that a jury must consider in order to make a determination on the Defendant's counter claim brought against Plaintiff. Therefore, bifurcation of Count Eight, Nine, and Twelve would impact both parties' Seventh Amendment rights.

Lastly, Florida Hydro requests that the Court should stay discovery with respect to Counts Eight, Nine, and Twelve. However, this Court through Magistrate Judge Roby has granted three of

8

Plaintiff's Motions to Compel Discovery. (Rec. Doc. 223 at 14). Therefore, Defendant's request to stay discovery is no longer appropriate. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Bifurcate Trial (Rec. Doc. 185), is **DENIED**.

New Orleans, Louisiana, this 14th day of July, 2009.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE