**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHAEL HOOVER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1100** |
| **FLORIDA HYDRO, INC.** | **SECTION: "B"(4)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Michael Hoover, Motion for Summary Judgment on Defendant's Counterclaim. (Rec. Doc. 245). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Michael Hoover, Motion for Summary Judgment on Defendant's Counterclaim. (Rec. Doc. 245) is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

On February 26, 2007, Michael Hoover (hereinafter "Plaintiff") commenced an action against Florida Hydro, Inc., (hereinafter "Defendant or Florida Hydro"), alleging breach of contract and fraudulent inducement (Rec. Doc. No. 1.) In the Complaint, Plaintiff alleged that Defendant through its principal Herbert Williams, entered into an oral agreement, whereby Defendant allegedly promised to transfer to Plaintiff

1

484,250 shares of its stock if Plaintiff raised 8 to 10 million dollars in financing for Florida Hydro. (Rec. Doc. 185-2 at 2). However, Plaintiff was only offered 6,000 shares of Florida Hydro's common stock for performance of the contract. Due to Florida Hydro's alleged breach of contract, Plaintiff declined to accept the shares, and resigned from Florida Hydro on July 12, 2005. (Rec. Doc. 1-3 at 10). On February 26, 2007, Plaintiff filed a four count Complaint against Florida Hydro, regarding whether there was a breach of an alleged oral contract. (Rec. Doc. 1).

In response to Plaintiff's Complaint, Florida Hydro filed a Counterclaim, which asserts four causes of action against Plaintiff. (Rec. Doc. 245-3). Defendant alleges theft of trade secrets under Florida's Uniform Trade Secrets Act, Fla. Stat. §§688.001,*et seq*., conversion, replevin, and violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*. *Id*. Particularly, Defendant alleges that Plaintiff copied and/or deleted Defendant's property, including confidential and proprietary information without notice or authorization, before abruptly resigning from the company. (Rec. Doc. 285). Plaintiff now moves for summary judgment in his favor on all aspects of the Counterclaim. *Id*.

**Law and Argument:**

**Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there are no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322-323 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 2505, 2510, 106 S. Ct. (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id*. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. Traverlers Ins. Co. v. Liljeberg Enter., Inc. 7 F.3d 1203, 1207 (5th Cir. 1993).

**Discussion**

**A. Standing/Possessory Rights**

Plaintiff contends that Defendant lacks standing to pursue its counterclaim. Specifically, Plaintiff argues that each count of the Counterclaim should be dismissed because Defendant neither owns nor have possessory rights to the property Plaintiff copied or deleted from Defendant's computer. (Rec. Doc. 245-3 at 7). Plaintiff asserts that during the March 2005 transaction between Defendant and Open Hydro Group Limited (hereinafter "OHGL"), Defendant traded technology and all attendant assets to OHGL as consideration for stock in that company. (*Id* at 5). Furthermore, Plaintiff notes that he has already settled those claims with Open Hydro, pursuant to their settlement agreement executed on October 16, 2005. (Rec. Doc. 245-2 at 2). Thus, Plaintiff contends that Defendant lacks standing to assert that Plaintiff stole the very technology and other assets that Defendant conveyed to OHGL. (Rec. Doc. 245-3 at 5).

Conversely, Defendant asserts that OHGL did not purchase all of Defendant's assets, and Defendant continued to exist as a "separate and independent" company. (*Id; See* Exhibit J, Declaration of Herbert Williams at ¶¶ 2-5). Defendant argues that it had possessed the property at the time the Plaintiff misappropriated or converted it. The computer files Plaintiff

stole and deleted were located on Defendant's computer or in Defendant's office building. (Id at 14).

Defendant offers supporting testimony of Herbert Williams who contends that the agreement between Defendant and OHGL did not affect Defendant's right to possess information and property located on computers or in its office. (Rec. Doc. 285-19 at ¶5-6). Defendant also offers the testimony of Thomas Morton who allegedly contends that Defendant had money assets subsequent to the March 2005 transaction; however, Defendant has failed to attach such testimony, stating that Mr. Morton's deposition transcript has yet to be transcribed. (*Id* at 11). Additionally, Defendant presents the patent assignment agreement, which shows that Defendant only assigned its patents, patent rights, and technology rights to OHGL, rather than transferring "every" asset. (Rec. Doc. 285 at 9).

Although Defendant has not provided the deposition transcript of Thomas Morton, Defendant has presented sufficient evidence that a trier of fact could use to infer that Defendant still owned or had possessory rights to the property Plaintiff copied or deleted from Defendant's computer. Furthermore, Plaintiff does not provide any evidence showing that the March 2005 agreement between Defendant and OHGL affected Defendant's right to posses the information and property located on its computers. Therefore, the Court finds that genuine issues of

material fact remain; thus, summary judgment is inappropriate here.

### B. Trade Secrets

In Plaintiff summary judgment motion, Plaintiff asserts that the allegedly stolen information does not constitute trade secrets under Florida Uniform Trade Secrets Act(hereinafter "FUTSA"); and Defendant's has waived any trade secret protection by failing to maintain its secrecy. In opposition, Defendant argues that it took reasonable efforts to protect its trade secrets. Furthermore, Defendant points out that "Florida law imposes upon every employee a duty not to use the employer's trade secrets for his own benefit, if the secret was acquired by the employee in the course of his employment." *Id*; *Unistar Corp. v. Child*, 415 So. 2d 733, 734 (Fla. 3d DCA 1984).

Under Florida's Uniform Trade Secrets Act, a trade secret consists of information that (1) derives economic value from not being readily ascertainable by others and (2) is the subject of reasonable efforts to maintain its secrecy. *See* FLA. STAT. §§ 688.002(4). Information that is generally known or readily accessible to third parties cannot qualify for trade secret protection. FLA. STAT. §§ 688.002(4); *see American Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998). For there to be an actionable misappropriation, the

party asserting trade secret protection bears the dual burden of describing the alleged trade secret information and also showing that it has taken reasonable steps to protect this secrecy. *Id*.

After reviewing the records in this case, we are unable to determine that Plaintiff is substantially likely to establish that Defendant did not take reasonable steps to protect the secrecy of its alleged trade secret information. Plaintiff has offered us a variety of evidence tending to show that Defendant has not been particularly careful to protect the secrecy of its alleged trade secrets.

Plaintiff argues that Defendant submitted permit applications to government agencies without designating them as confidential. (Rec. Doc. 297-2 at 8). Plaintiff also points out that Defendant has not designated discovery materials that it claims are trade secrets as confidential. *Id*. Additionally, Plaintiff argues that Defendant did not have written policies prohibiting employees from copying sensitive computer data onto removable disks. (Rec. Doc. 245-3 at 9). Likewise, Defendant did not have a confidentiality agreement with Plaintiff or with any other employees who had access to Defendant's computers. *Id*.

To rebut this, Defendant argues that it took reasonable efforts to protect its trade secrets. Defendant presents us with a number of documents that expressly states that the information was to be kept confidential. (Exhs. O,P,Q).

Additionally, Defendant's submitted supporting testimony that its computer and files were kept in a locked room and only Plaintiff and two other employees' had access to that room. (Rec. Doc. 285 at 16).

The Fifth Circuit has held that whether trade secret was the subject of reasonable efforts under the circumstances to maintain its secrecy is a fact-intensive determination. *Lear Siegler, Inc. v. Ark-Ell Springs, Inc.*, 569 F.2d 286, 289 (5th Cir. 1978). Furthermore, Courts are extremely hesitant to grant summary judgment regarding fact intensive questions and whether one took reasonable steps to protect its trade secrets. Furmanite *America, Inc. v. T.D. Williamson, Inc.*, 2007 WL 1111254 at *5 (M.D. Fla. 2007. Although, Plaintiff has pointed to evidence of Defendant's lack of effort, the ultimate determination must be made at trial. Thus, summary judgment is inappropriate on this issue.

**C. Conversion**

Plaintiff asks this Court to dismiss Defendant's conversion claim. Conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." 12 Fla. Jur. 2d Conversion and Replevin § 1 (1979). An action for conversion is possession of property "in conjunction with a present intent on the part of the wrongdoer

8

to deprive the person entitled to possession of the property." *Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd.*, 450. So.2d 1157, 1161 (Fla. Ct. App. 3d Dist. 1984)("The essence of an action for conversion is not the acquisition of property by the wrongdoer, but rather the refusal to surrender the possession of the subject personally after demand for possession by one entitled thereto."). Thus a conversion occurs when a person who has a right to possession of property demands its return and the demand is not met. *Shelby Mut. Ins. Co. of Shelby Ohio v. Crain Press, Inc.*, 481 So. 2d 501, 503 (Fla. 2d DCA 1986).

In this case, Plaintiff argues that Defendant has possession of much of the allegedly converted property, which Defendant produced during discovery. Plaintiff further contends that Defendant's computer forensics expert recovered the files that Defendant suggested Plaintiff "permanently deleted. (Rec. Doc. 297-2 at 9). In opposition, Defendant argues that even though it retained an electronic copy of some of the information Plaintiff previously deleted, under Florida law, Defendant can still maintain a claim for conversion. (Rec. Doc. 285 at 20; *See Warshall v. Price,* 629 So. 2d 903, 904 (Fla. 4th DCA 1994)(It is not necessary to deprive another person of exclusive possession of their property to be liable for conversion)). Defendant

further offers supporting testimony that it does not have all of the information Plaintiff deleted from its computer.

Additionally, some of the deposition testimony presented is contradictory. Plaintiff asserts that there is no genuine issue of material fact regarding whether Plaintiff had a "present intent" to deprive Defendant of property that Defendant may be entitled to possess. (Rec. Doc. 245-3 at 17). Plaintiff argues that he offered to provide copies of every document in his possession to the Defendant's principal, Herbert Williams, but Williams declined Plaintiff's offer. However, Defendant denies that Herbert Williams refused to accept an offer from Plaintiff to return all of the documents or information in his possession. (Rec. Doc. 285-2 at 4 ¶28).

These competing affidavits create a factual dispute as to whether or not Plaintiff has in its possession the alleged converted property. Further, the Court also finds a factual dispute as to whether or not Plaintiff had present intent to deprive Defendant of the right to said property. The trier of fact is responsible for determining credibility, resolving any contradictory presentations of fact and evaluating the strength of the evidence. Therefore, the Court finds that genuine issues of material fact remain and that summary judgment is inappropriate on this issue.

**C. Computer Fraud and Abuse Act**

Plaintiff asks the Court to find summary judgment in Plaintiff's favor on Defendants claim for violation of the Computer Fraud Abuse Act (hereinafter "CFAA"), 18 U.S.C. § 1030,*et seq*. Before reaching the merits of the alleged violation, the CFAA sets for a two part requirement, where movant must: (1) suffer a root injury of damage or loss; and (2) suffer one of the five operatively substantial effects in subsection (c)(4)(A)(i). 18 U.S.C. § 1030(g). Here only subsection (c)(4)(A)(i) is relevant. This subsection states that "that a plaintiff must demonstrate loss to 1 or more persons during any 1-yr period… aggregating at least $5,000 in value." (Rec. Doc. 245-3 at 19).

Plaintiff argues that Defendant has not alleged facts that show damage or loss under the CFAA. The CFAA defines "damage" as: "any impairment to the integrity or availability of data, a program, a system or information." 18 U.S.C. § 1030(e)(8). Further, loss is defined under the CFAA as any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition, prior the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service". 18 U.S.C. § 1030(e)(11). Thus by definition, Defendant does have a viable

claim for "loss" to recover the cost incurred in assessing the damage done to his computer(s) and restoring deleted files.

Plaintiff further argues that Defendant failed to prove that Plaintiff did not have authority to access the computer that he used, or that Plaintiff exceeded his authorization, as required by 18. U.S.C. 1030 (a)(4). 18 U.S.C. § 1030(a)(4) provides that whoever:

> Knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period;

Plaintiff asserts that he did not access "without authorization" or "exceed authorized access" in violation of the statute because Defendant gave Plaintiff full and unlimited authorization to use the computer. (Rec. Doc. 297-2 at 10). Defendant does not disagree that Plaintiff was permitted access to the information; instead, Defendant contends that Plaintiff exceeded authorized access by deleting thousands of files the day before he quit, thus exceeding the expected norms of intended use. (Rec. Doc. 285 at 24). However, Defendant's allegation is unsupported by evidence of what specific files Plaintiff was not authorized to delete. In order for Defendant to satisfy its burden, Defendant was required to put forth

12

competent evidence and cannot rely on 'unsubstantiated assertions' and 'conclusory allegations.' *Collins v. Encompass Ins. Co.*, 2009 WL 1789410, *2 (E.D. La. June 24, 2009)(Lemelle, J.)(*citing Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994). Therefore, Plaintiff's motion for summary judgment on this issue is proper. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment on Defendant's Counterclaim is **GRANTED** in part and **DENIED** in part.

New Orleans, Louisiana, this 30th day of July, 2009.

                              IVAN L.R. LEMELLE
                         UNITED STATES DISTRICT JUDGE