UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| MICHAEL J. HOOVER | * | CIVIL ACTION |
| --- | --- | --- |
| | * | |
| VERSUS | * | NO. 07-1100 |
| | * | |
| FLORIDA HYDRO, INC., ET AL | * | SECTION "B"(4) |

ORDER AND REASONS

**IT IS ORDERED** that Defendants' opposed Motion for Partial Summary Judgment or in Limine to Exclude Evidence of the Value of Open Hydro Group and Florida Hydro Stock After Date of Alleged Breach is **DENIED**. (*See* Rec. Docs. 240 and 282).

*DISCUSSION*

**A. Motion for Summary Judgment**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate

1

that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co., 126 S.Ct. at 2414.* The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. Conflict of Laws**

A court sitting in diversity must apply the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). This Court, sitting in diversity, must apply the conflict of law rules of Louisiana. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007). For conventional obligations such as contracts, Louisiana applies an "interest analysis," as set forth in LA. CIV. CODE ART. 3537, and is guided by the general rule of conflict-of-laws analysis set forth in LA. CIV. CODE ART. 3515. LA. CIV. CODE ART. 3515 states:

> Except as otherwise provided in this Book, an issue in a case having contact with other states is governed by the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant polices of all involved states in the light

> of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Moreover, LA. CIV. CODE ART. 3537 states:

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515,[2] as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

These articles create a two-step inquiry. *Travelers Casualty & Surety Co. v. Wright Insurance Agency, Inc.*, 404 F.3d 927, 928-29 (5th Cir. 2005). First, the Court must determine the relevant policies at issue and then balance those policies to find which state's interests are most harmed in light of the facts surrounding the case. *Id.*

Applying the two-part inquiry, the Court must first identify the relevant policies at issue. Florida's policy regarding contract damages requires damages to be measured as of the date of breach, or within a reasonable time thereafter. The reasoning behind this rule is to ensure that the plaintiff is put in the "same position he would have been in had the contract been performed on the date fixed therein for performance." *Lake Region Paradise Island Inc., v. Gravis*, 335 So.2d 341, 342-43. Florida courts emphasize that "it isn't unfair to deny audience to a plaintiff who would, if the property increased in value, claim entitlement to the better position now, the time of trial, on the grounds that that's where he'd be had the vendor performed then, the time of the breach." *Id.* Thus, Florida has an interest in protecting parties from unfair advantages in recovering contract damages, by gaining from fluctuations in the value of the matter or thing contracted for after breach. *Id.* at 342.

On the other hand, Louisiana has strong public policy in favor of making innocent victims whole. LA. CIV. CODE. ARTS. 2315 and 1995. As it applies to contract damages for lost stock, Louisiana law follows the general rule of valuing damages from the date of breach. However, "in the case of stock, which fluctuates in value, applying the general rule of damages will not always accomplish the goal of making the victim whole." *Quealy v. Paine*, 475 So.2d 756, 762 (La. 1985).

4

When balancing the above policies, the Court takes into consideration the following surrounding circumstances: that Plaintiff traveled to Florida to negotiate a deal involving Gulf Stream Energy, whereas Williams never traveled to Louisiana during negotiations, Plaintiff became a resident of Florida in 2004, Florida Hydro is a Florida corporation and Mr. Williams is domiciled in Florida, and part of the contract was performed in Florida. However, the purported object of the oral agreement was to solicit funds in Louisiana or the parties contemplated services being rendered in Louisiana. Telephone, email, and fax negotiations took place while Plaintiff was in Louisiana. Plaintiff made an effort to raise capital in Louisianan by meeting with Louisiana investors and worked on a business plan in Louisiana. Plaintiff is currently a resident of Louisiana.

After evaluating the strength of the policies and the contacts with each state, the Court determines that Louisiana policies would be most seriously impaired if its law were not applied to the alleged oral contract in this matter. Even though it appears that the State of Florida has more contacts with the parties, Louisiana has the stronger public policy regarding compensating victims and making them whole. *See Richards' Realty Co., L.L.C. v. Paramount Disaster Recovery, Inc.*, 476 F.Supp.2d 618, 623-24 (ruling that Louisiana Law applied because object of contract was to perform services in Louisiana and Louisiana had strong public policy

5

against unauthorized practice of law even though the contract was entered into in California, the plaintiffs resided in California, negotiations took place in California and contract was signed in California).

Plaintiff argues that there are genuine issues of material fact that remain, making it inappropriate to grant the motion for partial summary judgment. However, the motion before the court is a motion for partial summary judgment or in the alternative a motion in limine. Other courts have made such a determination of applicable law under such motions when factual disputes remained as to the occurrence of an alleged oral agreement. *See Fietz*, 484 F.Supp.2d at 537. Moreover, the facts in dispute are related to whether there is an oral contract. The jury will still answer that question. The Court is only clarifying what law will apply for damage calculation purposes if an oral contract is found existent, breached and compensable. However, in applying Louisiana law to contract damages for lost stock, the general rule will be applied of valuing such damages from the date of breach. *See Quealy v. Paine*, 475 So.2d 756, 762 (La. 1985).

New Orleans, Louisiana, this 6th day of August, 2009.

_____
    IVAN L.R. LEMELLE
    UNITED STATES DISTRICT JUDGE